Filed 7/3/13  P. v. Davis CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055957 |
| v. | (Super.Ct.No. INF065231) |
| ALMA ROSA DAVIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge. Affirmed with directions.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Alma Rosa Davis argues, and the People agree, that her felony petty theft conviction should be reduced to a misdemeanor because the law changed before her

conviction became final.  As discussed below, we modify the judgment to reflect that the petty theft conviction is a misdemeanor, vacate the sentence as to that conviction, and remand to the trial court with directions to resentence defendant as to the petty theft conviction only.

**FACTS AND PROCEDURE**

On March 29, 2009, appellant shoplifted a number of items from a Wal-Mart store.  She had a previous conviction for petty theft (Pen Code, § 484).[1]

On July 14, 2009, the People charged defendant in count one with felony petty theft (§ 484), along with an allegation that she had committed a prior theft-related offense (§ 666), and in count two with second-degree burglary (§ 459).  The People also alleged defendant had three prison term priors (§ 667.5, subd. (b)).

On January 21, 2010, a jury found defendant guilty on both counts and, as to count one, found that defendant had been convicted of a prior petty theft.  Defendant experienced some medical issues that delayed sentencing for two years.  On March 23, 2012, the trial court found the three prison term priors to be true.  Also on March 23, 2012, the court sentenced defendant to five years as follows:  the upper term of three years for the burglary, two years consecutive on the felony petty theft, stayed pursuant to section 654, plus two years consecutive for the prior prison terms.  Pursuant to Realignment, the court ordered defendant to serve two and one-half years in custody and two and one-half years on supervised release.  This appeal followed.

---

[1]  All section references are to the Penal Code unless otherwise indicated.

2

At the time of the alleged offenses, and at the time of trial, section 666 provided: "Every person who, having been convicted of petty theft, grand theft, auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496 and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petty theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." That is, a petty theft conviction, normally a misdemeanor, could be treated as a felony if the accused had previously been convicted of one of the specified theft-related offenses.

Effective in urgency legislation in September 2010, the Legislature amended section 666 to provide that, "every person who, having been convicted *three or more times* of [specified theft crimes] . . . and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petty theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison." (See Assem. Bill No. 1844 (2009-2010 Reg. Sess.), italics added.) Thus, the amended version requires three qualifying prior convictions to be eligible for felony treatment.

In *People v. Vinson* (2011) 193 Cal.App.4th 1190 (*Vinson*), the Court of Appeal considered whether the amendment should be applied retroactively to cases not yet final at the time of the amendment. The general rule is that statutory amendments are not

retroactive, unless expressly so stated by the Legislature. An exception exists, however, under *In re Estrada* (1965) 63 Cal.2d 740, 744-745, when an amendment has the effect of mitigating the punishment. When the amendment has such an ameliorative effect, then it is applied retroactively to all convictions not yet final on the effective date of the amendment.

Here, as in *Vinson,* the parties agree that defendant's conviction was not yet final at the effective date of the amendment to section 666. (See *Vinson, supra,* 193 Cal.App.4th at p. 1194.) The legislative history of the amendment showed that it was part of a larger scheme to increase punishment for various sex offenses, but the amendment to section 666 was added to permit the Department of Corrections and Rehabilitation "to offset the new costs created by Assembly Bill 1844 by avoiding the costs of imprisonment associated with a particular class of offenders—those with fewer than three prior convictions for qualifying offenses. [Citation.]" (*Vinson*, at p. 1197.) Thus, although the punishment imposed for a violation of section 666 remained the same (felony-eligible), the requirements for making the offense felony-eligible were changed. "In other words, both versions of the statute describe a 'wobbler'—an offense that is punishable either as a misdemeanor or as a felony. To be eligible for felony sentencing under section 666 as amended, however, it is no longer enough that the defendant previously have been convicted of a single specified theft-related conviction. Instead, three or more such qualifying convictions are now required. This change to section 666's sentencing factor [citation] is akin to adding an element to a crime or an enhancement, and benefits a defendant by making it less likely that he or she will qualify for felony-

level punishment. Accordingly, Estrada's reasoning applies. [Citation.]" (*Vinson*, at pp. 1197-1198.)

Defendant contends, and the People concede, that *Vinson* applies, and defendant here should receive the benefit of the retroactive application of the statute. They agree, as does this court, that defendant is entitled to have the petty theft conviction reduced to a misdemeanor.

### DISPOSITION

We modify the judgment to reflect that the petty theft conviction in count one is a misdemeanor rather than a felony and vacate the sentence imposed for that count. We remand the matter to the trial court with directions to resentence defendant as to count one only and to forward a corrected abstract of judgment to the Riverside County Sheriff's Department. The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

KING
J.

CODRINGTON
J.

5